UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------x

| | |
|---|---|
| WILLIAM RIOS, | **COMPLAINT** |
| | **19 cv 6584** |
| | **ECF Case** |
| Plaintiff, | |
| vs. | |
| The CITY OF NEW YORK, DEPARTMENT OF HOMELESS SERVICES POLICE OFFICERS JAMAL BARKSDALE, STACEY BEAUCHAMP, and JOHN DOES 1-5, | **JURY TRIAL DEMANDED** |
| in their individual and official capacities, | |
| Defendants. | |

-------------------------------------------------------------x

Plaintiff William Rios, by his attorney, Cyrus Joubin, complaining of the Defendants,

respectfully alleges as follows:

## PRELIMINARY STATEMENT

1.  This action arises from various civil rights violations against

William Rios ("Plaintiff") by New York City Department of Homeless Services police

officers.  Plaintiff asserts constitutional claims pursuant to 42 U.S.C. § 1983 ("Section

1983") against the individual defendants for First Amendment retaliation, false arrest,

malicious prosecution, denial of the right to a fair trial, failure to intervene, and a *Monell*

claim against the City of New York for the same constitutional violations.  Additionally,

Plaintiff asserts analogous claims under New York Law against the individual

defendants, and against the City of New York under the doctrine of *respondeat superior*.

1

Plaintiff seeks compensatory and punitive damages, costs, disbursements, and attorney's fees pursuant to applicable state and federal civil rights law.

## JURISDICTION

2.   This action is brought pursuant to 42 U.S.C. § 1983 and 42 U.S.C. § 1988 and the First, Fourth, Fifth, and Fourteenth Amendments to the United States Constitution. Jurisdiction is conferred upon this Court by 28 U.S.C. §§ 1331, 1343 (a)(3) and (a)(4), this being an action seeking redress for the violation of Plaintiff's constitutional and civil rights.

3.   Plaintiff further invokes this Court's supplemental jurisdiction, pursuant to 28 U.S.C. § 1367, over any and all state law claims and causes of action which derive from the same nucleus of operative facts and are part of the same case or controversy which gives rise to the federally based claims and causes of action.

## VENUE

4.   Venue is proper in the United States District Court for the Southern District of New York pursuant to 28 U.S.C. § 1391(b) because the acts complained of occurred in this district.

## JURY DEMAND

5.   Plaintiff respectfully demands a trial by jury on each and every one of his claims as pled herein, pursuant to Fed. R. Civ. P. 38(b).

## PARTIES

6.   The individually named defendants Officer Stacey Beauchamp (Shield # 539) ("Officer Beauchamp"), Officer Jamal Barksdale (Shield # 1144) ("Officer Barksdale"), and Officers John Does 1-5 (collectively, the "individual defendants") are and were at all

times relevant herein officers, employees and agents of the New York City Department of Homeless Services ("NYC DHS").

7.    Each individual defendant is sued in his individual and official capacity.  At all times mentioned herein, each individual defendant acted under the color of state law, in the capacity of an officer, employee, and agent of defendant City of New York ("Defendant City").

8.    Defendant City is a municipality created and authorized under the laws of New York State.  It is authorized by law to maintain, direct, and to supervise the NYC DHS, for which it is ultimately responsible.

## NOTICE OF CLAIM

9.    Plaintiff served a Notice of Claim on the Comptroller of the City of New York within ninety days of the incident.  At least 30 days have elapsed since the service of the Notice of Claim, and adjustment and payment has been neglected or refused.

10.    This action has been commenced within one year and ninety days after the occurrence of the event upon which the claims are based.

## STATEMENT OF FACTS

11.    On the evening of August 24, 2018, around 9:15 p.m., Plaintiff was outside smoking a cigarette in the yard of a homeless shelter on Wards Island, located at 600 East 125th Street, where he was staying at the time.

12.    A fight had broken out at the shelter, and officers from the New York City Department of Homeless Services had responded to the scene, arresting multiple people in connection with the fight.

13.    It was clear that Plaintiff had nothing to do with the fight and was doing nothing unlawful.

14.    The responding officers included Officer Beauchamp, Officer Barksdale, and Officers John Doe 1-5.

15.    While the responding officers were at the scene, Plaintiff saw one of the officers (upon information and belief Officer Barksdale) using an asp (an extendable baton) in an extremely aggressive fashion.

16.    In response, Plaintiff told Officer Barksdale:  "That's very unprofessional what you're doing."

17.    Plaintiff's remark drew the ire of the responding officers on the scene, including, upon information and belief, Officer Beauchamp, who told Plaintiff to mind his own business.

18.    Plaintiff went back inside the building where his dorm was, took a shower, and got ready for bed.

19.    As Plaintiff was sleeping in his bed, around 1:45 a.m. on August 25, 2018, several of the responding officers – including Officer Beauchamp, Officer Barksdale, and Officers John Doe 1-5 – woke him up aggressively and arrested him.

20.    The officers then took Plaintiff to a Department of Homeless Services precinct.

21.    The officers falsely charged Plaintiff with various crimes and forwarded false allegations to the New York County District Attorney's Office.

22.    Based on the false information it received, the New York County DA's Office charged Mr. Rios with three misdemeanors – Menacing in the Second Degree, Criminal

Possession of a Weapon in the Fourth Degree, and Obstructing Governmental Administration in the Second Degree.

23.     On the evening of August 26, 2018, about forty hours after he was arrested, Mr. Rios was arraigned in New York County Criminal Court in connection with Docket No. 2018NY035314.

24.     The Criminal Court Complaint was based on the false allegations of Officer Barksdale, who made these false allegations to retaliate against Plaintiff for calling him "unprofessional."

25.     Specifically, the Complaint alleged that as PO Barksdale was "attempting to render aid" to the victim of a slashing, Plaintiff "stood in front of Officer Barksdale while waiving the cane the defendnt [sic] was holding toward [the victim] and Officer Barksdale and refusing to move out of Officer Barksdale and [the victim's] path, thereby preventing Officer Barksdale from rendering aid."

26.     These allegations were false – Plaintiff never blocked Barksdale's path, never waived his cane at any of the officers, never interfered with the officers' performance of their duties that evening.

27.     The other individual defendants were aware of these false allegations, but none of them did anything to prevent Plaintiff's arrest or prosecution on the basis of such falsehoods.

28.     The District Attorney asked for $2,500 bail, but the Criminal Court judge released Plaintiff on his own recognizance.

29.     Plaintiff was required to return to Criminal Court on October 10 and November 28, 2018.

30.     On November 28, 2018, the prosecution against Plaintiff was dismissed and sealed.

**DELIBERATE ACTS UNDER COLOR OF STATE LAW**

31.     All of the aforementioned acts of the individual defendants, their agents, servants and employees, were carried out under the color of state law in the course and scope of their duties.

32.     All of the aforementioned acts deprived Plaintiff of the rights guaranteed to citizens of the United States by the First, Fourth, Fifth, and Fourteenth Amendments of the Constitution of the United States of America, and in violation of 42 U.S.C. § 1983.

33.     The individual defendants acted willfully, knowingly, and with the specific intent to deprive Plaintiff of his constitutional rights secured by 42 U.S.C. § 1983, and by the First, Fourth, Fifth, and Fourteenth Amendments of the United States Constitution.

**FAILURE TO TRAIN AND SUPERVISE**

34.     Upon information and belief, the individual defendants' aforementioned abuse of power – in the forms of unconstitutional retaliation and mendacity – was not an isolated event.  There were other instances of misconduct by the individual defendants that Defendant City knew or should have known about.

35.     The NYC DHS failed to supervise and discipline the individual defendants despite their histories of malicious and mendacious behavior, ignoring the risk that they would engage in future misconduct, thereby encouraging them to continue to abuse their powers and violate the rights of civilians.

36.     Indeed, because DHS officers deal with vulnerable, powerless populations – homeless and often mentally ill people who often don't have a voice – their abuses of

power can be especially pernicious, because they go unaccounted for. Accordingly, the NYC DHS obviously should – but obviously fails – to carefully monitor its officers and ensure that they do not unfairly exercise power against the vulnerable, powerless, and voiceless people.

37.    There is a systemic failure by the City to identify, discipline, and supervise NYC DHS officers who abuse their power and fabricate criminal charges, a failure so widespread, obvious, and tolerated as to constitute a custom and policy of Defendant City.

38.    The NYPD's flaccid response to abusive officers constitutes a destructive custom and policy that fosters a culture of abuse within the NYC DHS.

**DAMAGES**

39.    As a direct and proximate cause of the said acts of the Defendants, Plaintiff suffered the following injuries and damages:

> a.  Violation of his constitutional rights under the First, Fourth, Fifth, and Fourteenth Amendments to the United States Constitution;
>
> b.  Severe emotional trauma, distress, degradation, and suffering.

**SECTION 1983 CLAIMS**

**FIRST CLAIM**

**First Amendment Retaliation Under Section 1983**

40.    Plaintiff realleges and reiterates all allegations set forth in the preceding paragraphs as if stated fully herein.

41.     By the actions described, the individual defendants retaliated against Plaintiff because he lawfully exercised his First Amendment right to free speech.  In doing so, the individual defendants chilled Plaintiff's exercise of his right to free speech.

42.     As a direct and proximate result of the aforementioned conduct of the individual defendants, Plaintiff sustained the damages and injuries hereinbefore alleged.


## SECOND CLAIM

### Malicious Prosecution Under Section 1983

43.     Plaintiff realleges and reiterates all allegations set forth in the preceding paragraphs as if stated fully herein.

44.     By the actions described, the Defendants deprived Plaintiff of his Fourth Amendment right to be free of unreasonable or unwarranted restraints on personal liberty, specifically his right to be free from malicious prosecution.

45.     Without probable cause, the individual defendants directly and actively initiated a criminal proceeding against Plaintiff, creating a fraudulent theory of guilt.

46.     As a direct and proximate result of the misconduct and abuse of authority detailed above, Plaintiff sustained the damages and injuries hereinbefore alleged.

### THIRD CLAIM

### Denial of the Right to a Fair Trial Under Section 1983

47.     Plaintiff realleges and reiterates all allegations set forth in the preceding paragraphs as if stated fully herein.

48.     By the actions described, the Defendants deprived Plaintiff of his Fourth, Fifth, and Fourteenth Amendment rights to a fair trial.

49.     The individual defendants deliberately forwarded fabricated information to the Manhattan District Attorney's Office.

50.     As a direct and proximate result of the aforementioned conduct of the individual defendants, Plaintiff sustained the damages and injuries hereinbefore alleged.

## FOURTH CLAIM

### False Arrest Under Section 1983

51.     Plaintiff realleges and reiterates all allegations set forth in the preceding paragraphs as if stated fully herein.

52.     Plaintiff realleges and reiterates all allegations set forth in the preceding paragraphs as if stated fully herein.

53.     By the actions described above, Defendants deprived Plaintiff of his federal civil rights, including his Fourth Amendment right to be secure in his person against unreasonable searches and seizures, specifically his right to be free from false arrest.

54.     As detailed above, the individual defendants intentionally arrested and detained Plaintiff without probable cause, without a warrant, without privilege or consent.

55.     As a direct and proximate result of the misconduct and abuse of authority detailed above, Plaintiff sustained the damages and injuries hereinbefore alleged.

## FIFTH CLAIM

### Failure to Intervene Under Section 1983

56.     Plaintiff realleges and reiterates all allegations set forth in the preceding paragraphs as if stated fully herein.

57.    Each and every individual defendant had an affirmative duty to intervene on Plaintiff's behalf to prevent the violation of his constitutional rights by other law enforcement officers.

58.    The individual defendants failed to intervene on Plaintiff's behalf to prevent, end, or truthfully report the violations of his constitutional rights despite knowing about such violations and having had a realistic opportunity to do so.

59.    As a direct and proximate result of the aforementioned conduct of the individual defendants, Plaintiff sustained the damages and injuries hereinbefore alleged.

## SIXTH CLAIM

### Municipal Liability Under Section 1983

60.    Plaintiff realleges and reiterates all allegations set forth in the preceding paragraphs as if stated fully herein.

61.    By the actions described, the Defendant City deprived Plaintiff of his Constitutional rights through its failure to train, supervise, and discipline malicious and mendacious officers; through its indifference to a culture of abuse among those who wield considerable power over the lives of the City's most vulnerable citizens.

62.    As a direct and proximate result of the acts of Defendant City, Plaintiff sustained the other damages and injuries hereinbefore alleged.

## PENDENT STATE CLAIMS

### FIRST CLAIM

### False Imprisonment under N.Y. State Law

63.    Plaintiff realleges and reiterates all allegations set forth in the preceding paragraphs as if stated fully herein.

64.     The individual defendants intentionally arrested and detained Plaintiff without probable cause, without a warrant, and without privilege or consent.

65.     As a direct and proximate result of the misconduct and abuse of authority detailed above, Plaintiff sustained the damages and injuries hereinbefore alleged.

## SECOND CLAIM

**Unreasonable Search and Seizure Under New York State Constitution Art. I § 12**

66.     Plaintiff realleges and reiterates all allegations set forth in the preceding paragraphs as if stated fully herein.

67.     Article 1, Section 12, of the New York State Constitution declares the right to be free from unreasonable searches and seizures.

68.     Without probable cause and without Plaintiff's consent, the individual defendants arrested Plaintiff, searched his person and residence, took his property, confined him, and initiated false charges against him.

69.     As a direct and proximate result of the misconduct and abuse of authority detailed above, Plaintiff sustained the damages and injuries hereinbefore alleged.

## THIRD CLAIM

**Malicious Prosecution Under N.Y. State Law**

70.     Plaintiff realleges and reiterates all allegations set forth in the preceding paragraphs as if stated fully herein.

71.     As detailed above, the individual defendants intentionally and with actual malice initiated a prosecution against Plaintiff without probable cause.  The prosecution terminated in Plaintiff's favor when all charges against him were dismissed.

72.    As a direct and proximate result of the misconduct and abuse of authority detailed above, Plaintiff sustained the damages and injuries hereinbefore alleged.

**FOURTH CLAIM**

**Negligent Hiring/Training/Retention of Employment Services Under N.Y. State Law (Against Defendant City of New York)**

73.    Plaintiff realleges and reiterates all allegations set forth in the preceding paragraphs as if stated fully herein.

74.    Defendant City owed a duty of care to Plaintiff to prevent the unlawful retaliation, false arrest, fabrication of evidence, and mental and emotional abuse sustained by Plaintiff.

75.    Upon information and belief, all of the individual defendants were unfit and incompetent for their positions.

76.    Defendant City knew or should have known through the exercise of reasonable diligence that the individual defendants could potentially cause harm.

77.    Defendant City's negligence in hiring, screening, training, disciplining and retaining the individual defendants proximately caused Plaintiff's injuries.

78.    As a result of its negligent conduct, Defendant City has directly and proximately caused the damages and injuries hereinbefore alleged.

**FIFTH CLAIM**

**Respondeat Superior Under N.Y. State Law**

79.    Plaintiff realleges and reiterates all allegations set forth in the preceding paragraphs as if stated fully herein.

80.    Defendant City is the employer of the individual defendants.

81.     Under the doctrine of *respondeat superior*, the Defendant City is responsible for the wrongdoing of its employees acting within the scope of their employment – in this case, the false imprisonment, fabrication of evidence, and unreasonable search and seizure committed by the individual defendants against Plaintiff.

82.     As a direct and proximate result of the acts of the individual defendants detailed above, Plaintiff sustained the damages and injuries hereinbefore alleged.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff demands the following relief jointly and severally against the Defendants:

a.     An order awarding compensatory damages for Plaintiff William Rios in an amount to be determined at trial;

b.     An order awarding punitive damages in an amount to be determined at trial;

c.     A court order, pursuant to 42 U.S.C. § 1988, that Plaintiff is entitled to reasonable attorney's fees, costs and disbursements; and

d.     Such other and further relief as this Court may deem appropriate.


DATED:     July 13, 2019                    _____/s/_____
           New York, New York              CYRUS JOUBIN, ESQ.
                                           43 West 43rd Street, Suite 119
                                           New York, NY 10036
                                           (703) 851-2467
                                           joubinlaw@gmail.com
                                           Attorney for William Rios